## UNITED STATES DISTRICT COURT

District of New Jersey

Chambers of
**William H. Walls**
District Judge
———

(973) 645-2564
(973) 645-3436 Fax

Martin Luther King Jr.
Federal Courthouse
50 Walnut Street
Newark, New Jersey 07102

<u>NOT FOR PUBLICATION</u>

<u>LETTER ORDER</u>

<u>ORIGINAL ON FILE WITH CLERK OF COURT</u>

December 12, 2005

**Appearances:**

Allen J. Underwood, Esq.
Becker Meisel LLC
Eisenhower Plaza II
354 Eisenhower Parkway, Suite 2800
Livingston, New Jersey 07039

Arthur Russell, Esq.
661 Franklin Avenue
Nutley, New Jersey 07110

Re:   <u>Hewlett-Packard Financial Services Company  v. Metairie House of Printing, Inc.</u>; No. 04-4548 (WHW)
Motion for Reconsideration and Relief from Judgment

Dear Counsel:

The Court has considered the motion of Defendant Metairie House of Printing, Inc. ("Metairie").  This motion is decided without oral argument pursuant to Fed. R. Civ. P. 78.

Metairie's motion for reconsideration and relief from judgment is denied.

**FACTS AND PROCEDURAL BACKGROUND**

As the facts of this case are recited in the Court's July 18, 2005, letter order, the Court will not repeat them. On July 18, 2005, this Court denied Defendant Metairie's motion to dismiss for lack of jurisdiction, and motion for a more definite statement. This Court also granted Plaintiff Hewlett-Packard Financial Services Company's ("HPFS") motion for summary judgment because HPFS established each of the *prima facie* elements of its breach of contract case against Metairie. Defendant now argues that it has discovered new evidence that requires this Court to grant its motion for reconsideration pursuant to Fed. R. Civ. P. 59(e), and relief from judgment pursuant to Fed. R. Civ. P. 60(b).

**STANDARD**

Under Fed. R. Civ. P. 59(e), a litigant may move to alter or amend a judgment within ten days of its entry. Similarly, L. Civ. R. 7.1(g) allows a party to seek a motion for reargument or reconsideration of "matters or controlling decisions which counsel believes the Judge or Magistrate Judge has overlooked." The Third Circuit has held that the "purpose of a motion for reconsideration . . . is to correct manifest errors of law or fact or to present newly discovered evidence." Max's Seafood Cafe ex rel. Lou-Ann v. Quinteros, 176 F. 3d 669, 677 (3d Cir. 1999) (quoting Harsco Corp. v. Zlotnicki, 779 F. 2d 906, 909 (3d Cir. 1985)) (internal quotes omitted). Reconsideration motions, however, may not be used to relitigate old matters, nor to raise arguments or present evidence that could have been raised before the entry of judgment. 11 Wright & Miller, Federal Practice and Procedure § 2810.1 (2005). "A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." Gutierrez v. Ashcroft, 289 F. Supp. 2d 555,

561 (D.N.J. 2003) (quoting G-69 v. Degnan, 748 F. Supp. 274, 275 (D.N.J. 1990)).  Such motions will only be granted where (1) an intervening change in the law has occurred, (2) new evidence not previously available has emerged, or (3) the need to correct a clear error of law or prevent a manifest injustice arises.  North River Ins. Co. v. CIGNA Reins. Co., 52 F. 3d 1194, 1218 (3d Cir. 1995).  Because reconsideration of a judgment after its entry is an extraordinary remedy, requests pursuant to these rules are to be granted "sparingly," Yurecko v. Port Auth. Trans-Hudson Corp., 279 F. Supp. 2d 606, 608 (D.N.J. 2003); NL Indus. Inc. v. Commercial Union Ins. Co., 935 F. Supp. 513, 516 (D.N.J. 1996), and only when "dispositive factual matters or controlling decisions of law" were brought to the court's attention but not considered.  Yurecko, 279 F. Supp. 2d at 609; Pelham v. United States, 661 F. Supp. 1063, 1065 (D.N.J. 1987).

"The same standard applies to motions on the ground of newly discovered evidence whether they are made under [Fed. R. Civ. P.] 59 or [Fed. R. Civ. P.] 60(b)(2), and decisions construing Rule 59 in this context are authoritative in construing Rule 60(b)(2)." 11 Wright & Miller, Federal Practice and Procedure § 2859 (2005).

## DISCUSSION

Metairie argues that this Court must grant its motion for reconsideration and relief from judgment because new evidence has emerged that was not previously available.  The evidence consists of securities disclosure statements, notably a form 10-K filed by Hewlett Packard Company ("HP") for the fiscal year October 31, 2001, which according to Metairie suggests "the relationship among HP, HPFS and [Indigo America, Inc. ("Indigo")] is something more than that of a parent and two subsidiaries, operating separate and apart from each other."  (Def's Motion at

p. 5). Metairie claims that this evidence suggests the existence of a joint venture, which would be significant because it was argued that HP, HPFS and Indigo had essentially acted in concert with regard to the transaction, and that representations were made by Indigo that bound HPFS and HP.

To prevail on this claim, the moving party must show that through the exercise of due diligence, the evidence was not and could not have been discovered in time to produce it for trial. Compass Technology, Inc. v. Tseng Labs, Inc., 71 F. 3d 1125, 1130 (3d Cir. 1995). Here, the securities filings which Metairie wishes to proffer as new evidence would have been available to them well before the action commenced. Metairie has submitted no affidavits or other proof to demonstrate that it undertook due diligence to find the securities filings, or to show that they could not have been discovered earlier.

"A judgment also will not be reopened if the evidence is merely cumulative and would not have changed the result." 11 Wright & Miller, Federal Practice and Procedure § 2859 (2005); Coregis Ins. Co. v. Baratta & Fenerty, Ltd., 264 F.3d 302 (3d Cir. 2001). The securities filings do not show why the Master Lease and related documents should not be enforced according to their terms. Moreover, they are insufficient to show that HPFS is a joint venturer with HP and Indigo. The excerpted sections of the securities filings do not even mention HPFS. Rather, they simply state that HP made an investment in Indigo as part of its broader market strategy. That is not a material issue in dispute between Metairie and HPFS.

Metairie has failed to demonstrate that this evidence would lead to a judgment in its favor. Under these circumstances, this Court cannot grant the "extraordinary remedy" that Metairie prays for. Yurecko, 279 F. Supp. 2d at 608.

**CONCLUSION**

It is on this 12th day of December, 2005,

ORDERED that Plaintiff's Motion for Reconsideration is DENIED; and this Court having reviewed the filings of both parties with regard to damages, with good cause having been shown, it is further ORDERED that final judgment is entered against Plaintiff in the total amount of $390,454.69.

s/William H. Walls  
United States District Judge